UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DENON TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00416-JPH-MJD |
| ) | |
| RICHARD BROWN, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On April 20, 2020, the Court entered an Order screening the amended complaint Dkt. 41. The plaintiff's First Amendment claim against defendants Richard Brown and Amber Wallace, alleging an unlawful policy of seizing and destroying legal mail that has been returned to the facility as undeliverable, was allowed to proceed; all other claims were dismissed. *Id.* One of the dismissed claims arose from a bathroom policy enforced by the law library staff at the plaintiff's facility. *Id.*

On May 1, 2020, the plaintiff filed a motion requesting a certificate of appealability to challenge this dismissal in an interlocutory appeal. Dkt. 47. The plaintiff notes that if the Court denies this motion, he could present this appeal after the Court issues final judgment. *Id.*

**I. Legal Standard**

To be appealable, an order of a district court must be final, 28 U.S.C. § 1291, or it must fall into one of a series of specific classes of interlocutory orders. 28 U.S.C. § 1292. If the district court is "of the opinion that [an interlocutory] order involves a controlling question of law as to which there is substantial difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation, [the district court] shall so state in writing the

1

order." 28 U.S.C. § 1292(b). A party may then request permission to pursue an interlocutory appeal by filing a timely petition with the circuit clerk. *Id.*; Fed. R. App. P. 5(a)(1).

An interlocutory appeal may be appropriate where the relief sought will be irreparably hindered or lost by the time the district court issues final judgment. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545 (1949). "To permit appeals of interlocutory orders simply on the ground that they may be erroneous . . . 'not only would constitute an unjustified waste of scarce judicial resources, but would transform the limited exception carved out in *Cohen* into a license for broad disregard of the finality rule imposed by Congress in § 1291.'" *Randall v. Victor Welding Supply Co.*, 664 F.2d 1064, 1066 (7th Cir. 1981) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 499 U.S. 368, 378 (1981).

## II. Discussion

For the reasons explained in the Order screening the amended complaint, the dismissal of the plaintiff's law library claim does not involve a substantial issue of law over which reasonable judges might disagree. Even if the law library claim could proceed, it may not be joined to the remaining claim in this action because it does not involve defendants Brown or Wallace, does not involve similar questions of law or fact, and does not arise out of the same set of transactions, occurrences, or events. *See* Fed. R. Civ. P. 18, 20(a). The issue of dismissal is therefore unlikely to "advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Finally, the plaintiff has not demonstrated that his rights will be substantially or irreparably harmed by the denial of an interlocutory appeal. Accordingly, the plaintiff's motion to certify the order for interlocutory appeal, dkt. [47], is **denied.**

**SO ORDERED**.

Date: 7/24/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DENON TAYLOR
945835
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov

Margo Tucker
INDIANA ATTORNEY GENERAL
margo.tucker@atg.in.gov